## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JAMES DUNNINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No.: 06-CV-925 (HHK) |
| | ) | ECF |
| DEPARTMENT OF DEFENSE, | ) | |
| U.S. HOUSE OF REPRESENTATIVES, | ) | |
| U.S. SENATE, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## DEFENDANTS' MOTION TO DISMISS

Pursuant to Fed. R. Civ. P. 12(b)(6), the Department of Defense, the U.S. House of

Representatives, and the U.S. Senate ("Defendants"), by and through the undersigned counsel,

hereby move to dismiss the above- captioned action for failure to state a claim for which relief

may be granted.

In support of the said Motion, Defendants refer the Court to the attached Memorandum of

Points and Authorities and Proposed Order.


Dated: July 22, 2006.                    Respectfully Submitted,


   /s/   Kenneth L. Wainstein
KENNETH L. WAINSTEIN, D.C. BAR #451058
United States Attorney


   /s/   Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

_____/s/  John C. Truong_____
JOHN C. TRUONG, D.C. BAR #465901
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C.  20530
(202) 307-0406

Attorneys for Defendants

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JAMES DUNNINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No.: 06-CV-925 (HHK) |
| | ) | ECF |
| DEPARTMENT OF DEFENSE, | ) | |
| U.S. HOUSE OF REPRESENTATIVES, | ) | |
| U.S. SENATE, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION TO DISMISS

I.    **Introduction.**

*Pro se* Plaintiff Mr. James Dunnington files this Freedom of Information Act ("FOIA")

lawsuit seeking documents pertaining to his civil case before the U.S. Supreme Court.[1]

However, for unexplained reasons, he names the Department of Defense, the U.S. House of

Representatives, and the U.S. Senate as defendants in this case.

As shown below, both the U.S. House of Representatives and the U.S. Senate are not

subject to the FOIA and, therefore, any claims against those two entities fail as a matter of law.

Moreover, Mr. Dunnington failed to exhaust administrative remedies under the FOIA before

filing suit against the Department of Defense ("DOD") and, therefore, his FOIA claim against

the DOD fails to state a claim.  For these reasons, the Court should grant Defendants' motion and

_____

[1]    The United States Supreme Court is not subject to the FOIA.  See Gaydos v.
Mansmann, 1998 WL 389104 (D.C. Cir. June 24, 1998) (per curiam); see also 5 U.S.C. §
551(1)(B) (stating that "agency . . . does not include . . . the courts of the United States.").

1

dismiss this case with prejudice.

## II.    Factual Background

In late December 2005, Mr. James Dunnington submitted a FOIA request to the Executive Office of the United States Attorneys ("EOUSA") seeking "all records from the U.S. Supreme Court in the civil action number 00-10513."  Complaint at p. 1.  Mr. Dunnington claims that he is "seeking the records from civil case No. 00-10513 because it was [sic] Writ of Mandamus denied by the U.S. Supreme Court."  Id.  Subsequently, on February 2, 2006, the EOUSA sent Mr. Dunnington a letter asking him to "identify the specific U.S. Attorney's Office(s) where [he] believe[s] the requested records exist" as there are more than 100 separate U.S. Attorney's Offices around the country.  Compl. at 1 (Pl. Attachment A).  The letter also advised Mr. Dunnington that he must make an initial payment of $25.  Id.

On February 8, 2006, Mr. Dunnington responded to the letter stating that he agreed "to pay up to $25 for copies of the records."  Id. (Pl. Attachment B).  Thereafter, on May 16, 2006, Mr. Dunnington filed this lawsuit naming the Department of Defense, the U.S. House of Representatives, and the U.S. Senate as defendants.  The content of the Complaint does not mention these three entities and how they pertain to Mr. Dunnington's FOIA request.

## III.    Standard of Review:  Fed. R. Civ. P. 12(b)(6) Motion to Dismiss Standard.

A court may dismiss a complaint under Fed. R. Civ. P. 12(b)(6) only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Atchinson v. D.C., 73 F.3d 418, 421 (D.C. Cir. 1996).  In ruling on a motion to dismiss, the court must accept as true all well-pleaded factual allegations and draw all

2

reasonable inferences in favor of the plaintiff. <u>Maljack Prods. v. Motion Picture Ass'n</u>, 52 F.3d 373, 375 (D.C. Cir. 1995); <u>Ramirez de Arellano v. Weinberger</u>, 745 F.3d 1500, 1506 (D.C. Cir. 1984). The court need not, however, accept the plaintiff's legal conclusions. <u>Taylor v. F.D.I.C.</u>, 132 F.3d 753, 762 (D.C. Cir. 1997). Nor need the court accept unsupported assertions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. <u>Miree v. DeKalb County</u>, 433 U.S. 25, 27 (1977). In short, a motion to dismiss under Rule 12(b)(6) is intended to test the legal sufficiency of the complaint. <u>See Kingman Park Civic Ass'n v. Williams</u>, 348 F.3d 1033, 1040 (D.C. Cir. 2003).

## IV.    Argument

### A.    Both the U.S. House of Representatives and the U.S. Senate Are Not Subject to the FOIA.

Mr. Dunnington's FOIA claim against the U.S. House of Representatives and the U.S. Senate – to the extent that he has one – fails as a matter of law. It is well established law that Congress is not an "agency" for the purposes of the FOIA. <u>See</u> 5 U.S.C. 551(1)(A).

Specifically, Section 551(1)(A) provides, in relevant part, that "'agency' means each authority of the Government of the United States . . . but it does not include . . . Congress." <u>Id</u>. Furthermore, courts that have dealt with this issue uniformly held that Congress is not subject to the FOIA's purview. <u>See United We Stand America, Inc. v. IRS</u>, 359 F.3d 595, 597 (D.C. Cir. 2004) (noting that "[b]ecause Congress is not an agency, congressional documents are not subject to FOIA's disclosure requirement."); <u>Dow Jones & Co. v. Dep't of Justice</u>, 917 F.2d 571, 574 (D.C. Cir. 1990) (holding that Congress is not an agency for any purpose under FOIA). Accordingly, Mr. Dunnington's FOIA claim against both the House of Representatives and the Senate fail as a matter of law.

**B.     Mr. Dunnington Fails to State A FOIA Claim Against the DOD**.

Mr. Dunnington's FOIA claim against the DOD – to the extent that he advances one – fails to state a claim for failue to exhaust administrative remedies.

Under FOIA, administrative remedies must be exhausted prior to judicial review.  When a FOIA plaintiff attempts to obtain judicial review, without first properly undertaking full and timely administrative exhaustion, the lawsuit is subject to ready dismissal because "exhaustion of administrative remedies is a mandatory prerequisitie to a lawsuit under FOIA."  Wilbur v. CIA, 355 F.3d 675, 676 (D.C. Cir. 2004) (per curiam) (citing Oglesby v. Dep't of the Army, 920 F.2d 57, 61-64 n.9 (D.C. Cir. 1990).  Exhaustion allows top-level officials of an agency to correct possible mistakes made at lower levels and thereby obviate unnecessary judicial review. Oglesby, 920 F.2d at 61.

Here, the "content" of Mr. Dunnington's Complaint indicates that he filed a FOIA request with the EOUSA and it makes no mention of the DOD.  Compl. at 1.  However, in the "caption" of his Complaint Mr. Dunnington lists the DOD as one of the defendants.  It is unclear what role that the DOD played, if any at all, in processing Mr. Dunnington's FOIA request. Furthermore, even assuming that Mr. Dunnington made a FOIA request to the DOD, there is no evidence showing that he properly exhausted administrative remedies prior to filing this lawsuit. Under these facts, the Court should dismiss Mr. Dunnington's FOIA claim against the DOD for failure to state a claim for which relief may be granted.

**C.     Mr. Dunnington Also Fails to State a FOIA Claim Against the EOUSA.**

4

Mr. Dunnington does not list the EOUSA as one of the defendants in his Complaint. However, even assuming that the EOUSA is a proper defendant, Mr. Dunnington's FOIA claim against the EOUSA – to the extent that he sets forth one – fails as a matter of law for failure to exhaust administrative remedies.

Specifically, in a letter dated February 1, 2006, the EOUSA advised Mr. Dunnington that he must "identify the specific U.S. Attorney's Office(s) where [he] believe[s] the requested records exist." Compl. at 1 (Pl. Attachment A). The letter also informed Mr. Dunnington that he must submit a new request for the documents after he corrected the deficiencies. Id. The letter further advised Mr. Dunnington that, "This is a final determination and your request for information has been closed." Id. The EOUSA also informed Mr. Dunnington of his rights to appeal this "final determination." Id.

In response to the EOUSA's letter, Mr. Dunnington merely states that, "I [] am agreeing to pay up to $25 for copies of the records." Id. (Pl. Attachment B). His letter does not cure the deficiencies outlined in the EOUSA's letter – namely, specifying the U.S. Attorney's Office(s) where he believes responsive documents exist. Moreover, there is no evidence showing that he appealed the EOUSA's "final determination." Under these facts, Mr. Dunnington simply failed to exhaust administrative remedies prior to filing this lawsuit against the EOUSA – assuming he asserts a claim against the agency.

5

## V.     Conclusion

For the foregoing reasons, the Court should grant Defendants' Motion to Dismiss and

dismiss this case with prejudice.


Dated: June 22, 2006.                          Respectfully Submitted,


                                                 /s/   Kenneth L. Wainstein
                                               KENNETH L. WAINSTEIN, D.C. BAR #451058
                                               United States Attorney


                                                 /s/   Rudolph Contreras
                                               RUDOLPH CONTRERAS, D.C. BAR #434122
                                               Assistant United States Attorney


                                                  /s/   John C. Truong
                                               JOHN C. TRUONG, D.C. BAR #465901
                                               Assistant United States Attorney
                                               555 Fourth Street, N.W.
                                               Washington, D.C.  20530
                                               (202) 307-0406

                                               Attorneys for Defendants

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JAMES DUNNINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No.: 06-CV-925 (HHK) |
| | ) | ECF |
| DEPARTMENT OF DEFENSE, | ) | |
| U.S. HOUSE OF REPRESENTATIVES, | ) | |
| U.S. SENATE, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

### ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

Upon consideration of Defendants' Motion to Dismiss, any opposition thereto, and the

entire record herein, it is this _____ day of _____, 2006,

**ORDERED** that Defendants' Motion to Dismiss be and is hereby GRANTED; and it is

**FURTHER ORDERED** that the above-captioned action be and is hereby DISMISSED

with prejudice.

**SO ORDERED.**


_____

U.S. District Judge

**CERTIFICATE OF SERVICE**

I HEREBY certify that on June 22, 2006, I caused to be served the foregoing <u>Motion to Dismiss</u> via First Class mail, with postage prepaid, to pro se plaintiff addressed as follows:

Mr. James Dunnington
201 "I" Street, S.W.
Apt. V309
Washington, D.C.  20024

\_\_//s//_____
John C. Truong