UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JAMES DUNNINGTON,

    Plaintiff,

v.

DEPARTMENT OF DEFENSE, *et al.*,

    Defendants.

Civil Action No.  06-0925  (HHK)

**MEMORANDUM OPINION**

This matter is before the Court on defendants' motion to dismiss.[1]  Upon consideration of the motion and plaintiff's opposition, this civil action will be dismissed without prejudice.

I.  BACKGROUND

Plaintiff brings this civil action under the Freedom of Information Act ("FOIA"), *see* 5 U.S.C. § 552, against the United States Department of Defense, the United States House of Representatives, and the United States Senate.  *See* Compl. at 1.  He requests "all records from the U.S. Supreme Court in civil case number 00-10513."  *Id.*  Attached to his pleading, however, is a copy of a response from the United States Department of Justice, Executive Office for United States Attorneys ("EOUSA"), instructing plaintiff to submit a new, corrected FOIA request which both specifies the United States Attorney's office where the requested records might be located, and agrees to the payment of fees associated with searching for and copying the

---

[1]   Plaintiff's motion to dismiss [Dkt. #14] will be denied as moot.

1

requested records.  *Id.*, Attach. (February 1, 2006 letter from W.G. Stewart II, Acting Asst. Dir., Freedom of Information/Privacy Act Staff, EOUSA, regarding Request No. 06-137).  The Court construes the pleading liberally, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and presumes that plaintiff also raises a FOIA claim against the United States Department of Justice, of which the EOUSA is a component.

## II.  DISCUSSION

### B.  *Plaintiff Fails to State a FOIA Claim Against the Department of Defense*

Generally, FOIA requires that an agency, "upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, shall make the records promptly available to any person."  5 U.S.C. § 552(a)(3)(A).  According to Department of Defense regulations, a FOIA request "is considered properly received, or perfected, when . . . the request arrives at the FOIA office of the Component in possession of the records."  32 C.F.R. § 286.3 (defining term "FOIA request").  Nothing in the complaint or its attachments suggests that plaintiff submitted a FOIA request to the Department of Defense.

### C.  *Neither the House of Representatives nor the Senate is Subject to the FOIA*

Proper defendants in a FOIA case include executive departments, military departments, Government corporations, and other entities within the executive branch of the federal government.  5 U.S.C. § 552(f)(1) (defining the term "agency" for purposes of FOIA); *see* 5 U.S.C. § 552(a)(4)(B) (court jurisdiction "to enjoin agency from withholding agency records and to order the production of any agency records improperly withheld").  Neither branch of Congress is an executive agency subject to FOIA.  5 U.S.C. § 551(1)(A) (excluding Congress

from definition of term "agency"); *Dow Jones & Co., Inc. v. Dep't of Justice*, 917 F.2d 571, 574 (D.C. Cir. 1990) (holding that Congress is not an agency for purposes of FOIA).

### D. Plaintiff Failed to Exhaust His Administrative Remedies Regarding his FOIA Request to the Executive Office for United States Attorneys

Before a requester may file a civil action under the FOIA in a federal district court, however, he first must exhaust his administrative remedies. *See, e.g., Oglesby v. United States Dep't of the Army*, 920 F.2d 57, 61 (D.C. Cir. 1990); *Spannaus v. United States Dep't of Justice*, 824 F.2d 52, 58 (D.C. Cir. 1987). The FOIA directs an agency to "determine within twenty [working] days . . . after the receipt of [a FOIA] request whether to comply with such request and shall immediately notify" the requester of its determination. 5 U.S.C. § 552(a)(6)(A)(i). The requester may appeal an adverse determination to the agency head, who shall make his determination and notify the requester within twenty days of receipt of the appeal. 5 U.S.C. § 552(a)(6)(A)(ii). Only after the agency head has an opportunity to consider a requester's appeal may the requester seek judicial review. *See* 5 U.S.C. § 552(a)(4)(B). Exhaustion is favored "so that the agency has an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision." *Oglesby*, 920 F.2d at 61.

It appears that plaintiff not only submitted a FOIA request to the EOUSA, but also agreed to pay fees up to $25.00 associated with the search for and copying of responsive records. *See* Compl., Attach (February 1, 2006 letter from W.G. Stewart II and plaintiff's February 8, 2006 response). However, it does not appear that plaintiff submitted a perfected FOIA request to EOUSA as instructed. Nor does it appear that plaintiff challenged EOUSA's response, or lack of response, to his FOIA request by filing an administrative appeal. Based on the current record, it

does not appear that plaintiff exhausted his administrative remedies prior to the filing of this civil action. For this reason, the complaint will be dismissed. *See, e.g., Hidalgo v. Fed. Bureau of Investigation*, 344 F.3d 1256, 1259 (D.C. Cir. 2003) (dismissing FOIA complaint for failure to state a claim upon which relief can be granted because plaintiff did not exhaust administrative remedies by pursuing proper appeal to Justice Department's Office of Information and Privacy); *Kessler v. United States*, 899 F.Supp. 644 (D.D.C. 1995) (dismissing complaint of requester who failed to send FOIA request to office of agency official responsible for control of requested records).

### III.  CONCLUSION

The Court concludes that the complaint fails to state FOIA claims against the United States Department of Defense, the United States House of Representatives, and the United States Senate. Further, the Court concludes that plaintiff failed to exhaust his administrative remedies before filing the instant lawsuit. Accordingly, the Court will dismiss this action without prejudice. An Order consistent with this Memorandum Opinion will be issued separately on this same date.

                /s/
HENRY H. KENNEDY, JR.
United States District Judge

Date:  January 8, 2007